UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN H. PIERCE,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

                                            /

No. 10-10511

District Judge Robert H. Cleland

Magistrate Judge R. Steven Whalen

## REPORT AND RECOMMENDATION

Before the Court are both Defendant's motion to dismiss [Docket #8] and *pro se* Plaintiff John H. Pierce's motion to dismiss [Docket #13], written in letter form, which have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). I recommend that both motions be GRANTED, and that the case be DISMISSED WITH PREJUDICE.

### I.    FACTS

This is a Social Security Disability appeal under 42 U.S.C. § 405(g). According to the unopposed affidavit of Earnest Baskerville, Chief of Case Preparation for the Social Security Administration[1], the Appeals Council mailed its decision to Plaintiff on August 15, 2009. Plaintiff filed his complaint on February 5, 2010, well beyond the 60-day jurisdiction period set forth in § 405(g).

Plaintiff was ordered to respond to the Defendant's motion to dismiss by June 1, 2010. On September 20, 2010, no response having been filed, the Court ordered the

---

[1] Mr. Baskerville's affidavit is appended to Defendant's motion to dismiss [Docket #8].

Plaintiff to show cause why the case should not be dismissed for failure to prosecute. On September 28, 2010, the Plaintiff responded to the show cause order in letter form, stating that his request for benefits had been approved, retroactive to March of 2009, and therefore requesting that his case be dismissed.

## II. DISCUSSION

### A. Defendant's Motion

42 U.S.C. §405(g) provides that:

> "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced *within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow*." (Emphasis added).

Section 405(g) is generally considered the sole avenue for judicial review under the Act. 42 U.S.C. §405(h); *Heckler v. Ringer*, 466 U.S. 602, 617, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984).

Together, 20 C.F.R. §§ 404.901 and 422.210(c) provide that the date of mailing, from which the 60 days starts to run, is five days from the date of the notice, which is the presumptive date that a claimant receives the Appeal Council's notice. To be timely, the Plaintiff's complaint in this case should have been filed no later than October 19, 2009.[2] Thus, this complaint is jurisdictionally barred, and Defendant's motion to dismiss should be granted.

---

[2] While the Commissioner may extend the time for filing upon a showing of good cause, there is no indication that Mr. Pierce requested an extension. *See* 20 C.F.R. §§ 404.911 and 404.982.

### B. Plaintiff's Motion

The Plaintiff has asked to dismiss his case because he has to a large extent received the relief he sought. Because he makes this request after a responsive pleading has been filed, Fed.R.Civ.P. 41(a)(2) requires that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." There is certainly no reason not to grant the Plaintiff's request. While a voluntary dismissal under Rule 41(a)(2) is ordinarily without prejudice unless the order states otherwise, the dismissal in this case should be *with* prejudice, because (a) the Plaintiff has received and is satisfied with substantive relief, and (b) his claim is jurisdictionally barred in any event, as discussed above.

Therefore, the Plaintiff's motion to voluntarily dismiss should be granted.

### III. CONCLUSION

Although it may seem redundant, I recommend that both the Defendant's motion to dismiss [Docket #8] and the Plaintiff's motion to voluntarily dismiss [Docket #13] be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.

1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                        s/R. Steven Whalen  
                                        R. STEVEN WHALEN  
                                        UNITED STATES MAGISTRATE JUDGE

Date: October 6, 2010

_____

### CERTIFICATE OF SERVICE

I hereby certify on October 6, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 6, 2010: **John H. Pierce.**

                                        s/Michael E. Lang  
                                        Deputy Clerk to  
                                        Magistrate Judge R. Steven Whalen  
                                        (313) 234-5217